**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KATHLEEN SINKER, | : CIVIL ACTION NO. 07-5213 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**THE COURT** — by order entered October 8, 2008 ("Proceed Order") — (1) directing the plaintiff to serve and electronically file a statement of the primary contentions or arguments for relief ("Statement") by October 20, 2008, and to otherwise comply with Local Civil Rule 9.1, and (2) advising that if the plaintiff failed to abide by that directive, then the complaint would be dismissed without further notice (dkt. entry no. 8, 10-8-08 Order); and

**THE PLAINTIFF** having brought this action for review of a determination by the Social Security Administration ("SSA") (dkt. entry no. 1, Compl.); and the SSA having filed the administrative record on March 6, 2008, and an answer on March 21, 2008 (dkt. entry no. 5, Answer), see L.Civ.R. 9.1(a)(1); and the plaintiff having failed to timely serve and electronically file a Statement, see L.Civ.R. 9.1(a)(2) (directing same within 14 days of answer); and it having appeared that such failure had delayed

the timely prosecution of the action, see L.Civ.R. 9.1(a)(2)-(5); and

**IT APPEARING** that the Court is authorized to impose sanctions on the plaintiff for failing to comply with Local Civil Rule 9.1(a), see L.Civ.R. 9.1(b); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004) (concerning enforcement of local civil rules); United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000) (same); and

**THE PLAINTIFF** failing to abide by the Proceed Order; and the Court prudently waiting an additional four days before acting upon the plaintiff's failure to abide by the Proceed Order; and thus the Court intending to dismiss the complaint — without prejudice, and with leave to move in a timely manner to reinstate the action with a Statement as an exhibit annexed thereto — for failure to abide by the Proceed Order and the Local Civil Rules;[1]

---

[1] The Court may not dismiss a complaint with prejudice for a plaintiff's failure to abide by an order or the Local Civil Rules without considering the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). See Hernandez v. Palakovich, No. 06-2060, 2008 WL 4299279, at *1-*5 (3d Cir. Sept. 19, 2008). The Court is concerned that (1) the parties have resolved the dispute underlying this action without notifying the Court, (2) the plaintiff has abandoned this action, or (3) the failure to abide by the Proceed Order and the Local Civil Rules was an oversight by counsel. Thus, the Court is not engaging in a Poulis analysis at this juncture.

and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper  
                                                **MARY L. COOPER**  
                                                United States District Judge

Dated:  October 24, 2008